**Jackie B. BLUE, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

**No. 83–2350.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided July 12, 1984.

---

Gill, Skokos, Simpson, Buford & Owen, P.A., Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Leslie M. Powell, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

BRIGHT, Circuit Judge.

Jackie B. Blue, an inmate of the Arkansas prison system, appeals from the district court's decision denying his petition for habeas corpus. On July 24, 1978, Blue pleaded guilty to eleven counts of aggravated robbery for which he received concurrent life sentences. Before pleading guilty to the charges, Blue entered into a plea bargain arrangement with the prosecution, under which the prosecutor would not pursue other charges against Blue, including two capital felony murder charges that could arise out of the aggravated robbery.

Blue's petition for relief under habeas corpus was heard by Judge Henry L. Jones, Jr., who made written findings and recommendations that the petition be denied. The district judge adopted those findings and recommendations and rejected the petition. On appeal, Blue contends that his guilty plea was involuntary because, in failing to advise him that a prosecution for felony murder was unlikely, his attorney did not exercise reasonable skill and competence. We affirm.

I.  *Factual Background.*

On June 28, 1978, Jackie Blue and two accomplices held up the Pizza Hut in Little Rock, Arkansas. They each carried loaded revolvers. During the robbery, they held a teenage boy as hostage, pistol-whipped one of the customers, and required another customer to collect all of the money and jewelry from some fifteen people who were in the restaurant. Police arrived before Blue and his accomplices had completed the roundup of money and jewelry. The police fired on the culprits as they tried to escape, wounding Blue and killing his accomplices.

Initially, the prosecutor and Blue's appointed counsel entered into plea negotiations to the eleven counts of aggravated robbery. Because Blue had prior felony convictions, he could have been sentenced, if convicted, under the Arkansas Habitual Criminal Act to a minimum of ten to fifty years or life imprisonment, or a maximum of life imprisonment on each count. Under the plea negotiation, the prosecutor agreed to recommend that Blue receive a single life sentence. He also agreed not to charge Blue with two counts of capital felony murder arising from the death of Blue's accomplices, nor to pursue pending burglary and forgery charges against Blue. After a second court appearance, Blue agreed to plead guilty.

The incidents surrounding the plea and the plea bargain testimony occurred on July 24, 1978. Initially, Blue's counsel advised the court with regard to the plea negotiation as follows:

Jackie Blue told me at that time that he was fearful of the capital felony murder charges; he wanted to be assured that those charges would not be filed; and I reassured him of that. He told me at that time that with that assurance he wanted me to know that he did not intend to go to trial and had not wanted to go to trial and told me at that time that he would accept the state's offer of a life sentence as outlined above.

Later during that hearing, however, counsel advised the court that Blue did not want to plead guilty, but wanted to proceed with trial. Accordingly, the sentencing judge set the case for trial for the next morning.

A short time later counsel, Blue, and the prosecutor again appeared before the judge. At this time Blue agreed to plead guilty and stated that he understood that on each count he could be subject to a minimum sentence of ten to fifty years' imprisonment or life imprisonment and that, under the prosecutor's recommendation, no other crimes would be charged against him. Blue indicated that he was satisfied with counsel's representation and that he was satisfied with the sentence contemplated under the plea bargain. Thereafter, the district judge sentenced Blue to a life sentence on each count to be served concurrently.

## II. *Discussion.*

Blue contends on appeal that his guilty plea was involuntary because it was induced by an unrealistic fear of the death penalty. Blue observes that the Arkansas felony murder statute [1] could not realistically have applied to him because he had not fired the shots that killed his accomplices. Blue concedes, however, that the Arkansas courts have not considered whether a defendant can be guilty of felony murder when his accomplice is killed by a police officer resisting the felony.

Although the Arkansas courts have not decided the reach of the felony murder statute, the record indicates that the prosecution seriously considered filing capital murder charges if Blue did not accept the plea bargain. Blue's counsel testified at the habeas hearing that Blue might be charged with a capital felony murder and that, if he were convicted, he could receive the death penalty. Blue's counsel also stated, as outlined above, that Blue wanted assurance that capital felony charges would not be filed if he pleaded guilty. Blue's counsel apparently gave him that assurance and those charges were not filed.

The magistrate did not credit Blue's testimony that his attorney had convinced him to plead guilty by telling him that Arkansas was building an electric chair at the prison and he (Blue) would be the first to "burn in it." The magistrate observed:

It is not disputed by respondent that it is still unclear whether the Arkansas capital felony murder statute establishes a basis of criminal liability for the defendant whose co-felon is killed by the police during the perpetration of the felony. The Court is convinced, however, that it would have been within the discretion of the prosecutor to file such charges in this case. Petitioner's counsel is not expected to predict future judicial holdings. *Hawkman [v. Parratt,* 661 F.2d 1161] at 1170 [8th Cir.1981]. The desire of a defendant to avoid exposure to the death penalty is a proper consideration in an attorney's advice and counsel to his client. "In order to invalidate a guilty plea, the petitioner must show gross error on the part of counsel when he recommended that [he] plead guilty." *Long v. Brewer,* 667 F.2d 742, 745 (8th Cir. 1982).

1. Ark.Stat.Ann. § 41–1501(1)(a) provides that:
   (1) A person commits capital murder, if:
   (a) acting alone or with one or more other persons, he commits or attempts to commit rape, kidnapping, arson, vehicular piracy, robbery, burglary, or escape in the first de-

gree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; * * *.

A review of the record indicates that the possibility existed that the prosecution might file capital murder charges against Blue, and that Blue's counsel advised him of this risk. Blue's counsel at the time of the plea testified that he did not tell Blue that he would get the electric chair, but only that Blue could be charged with capital murder and that, if convicted, could receive the death penalty or life imprisonment without parole. The record further shows that Blue indicated to the state sentencing judge that he desired to plead guilty and that he was satisfied with the representation he had received from his counsel. Moreover, Blue's participation in the robbery of the Pizza Hut was undisputed, and he stood the chance of receiving consecutive life sentences for his actions.

### III.  *Conclusion.*

The record as a whole does not establish Blue's contention that his guilty plea was involuntary. Indeed, the record indicates that he desired to plead guilty from the very beginning. Blue has not shown on this record that his counsel was incompetent in advising him on his plea. Accordingly, we affirm.